**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

JOHNATHAN GOODMAN,

     Plaintiff,

v.

MONTROSE COUNTY, COLORADO,
SUE HANSEN, in her individual and official capacities,
KEITH LAUBE, in his individual and official capacities,
LESLIE QUON, in her individual and official capacities,

     Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

     Plaintiff Johnathan Goodman, by and through his attorney Andy McNulty of KILLMER, LANE & NEWMAN, LLP, respectfully alleges for his Complaint and Jury Demand as follows:

**<u>INTRODUCTION</u>**

     1.    Plaintiff Johnathan Goodman was employed by Montrose County's Road & Bridge Department. Mr. Goodman was unceremoniously fired after calling his elected representative, Montrose County commissioner Sue Hansen, to raise issues of significant public concern.

     2.    Mr. Goodman brought to her attention the possibility of significant corruption in the awarding of road contracts, and definite government waste in the road budget in Montrose County. He also asked that Defendant Hansen reconsider her stance on the statewide mask mandate.

3.      Mr. Goodman made this call to the Montrose County commissioner's publicly available phone line, spoke to her as a concerned citizen, and did so on his day off. Because he made this call raising issues of serious public concern, Montrose County retaliated against Mr. Goodman. When he returned to work, Montrose County officials fired Mr. Goodman immediately. They did so because he dared to call his elected representative.

4.      Mr. Goodman files this lawsuit to vindicate his First Amendment rights.

**PARTIES**

5.      At all times pertinent to the subject matter of this litigation, Plaintiff Johnathan was a citizen of the United States of America and a resident of and domiciled in the State of Colorado.

6.      Defendant Montrose County, Colorado ("Montrose County") is a Colorado municipal corporation.

7.      At all times pertinent to the subject matter of this litigation, Defendant Sue Hansen was a citizen of the United States and resident of and domiciled in Colorado. At all times pertinent, Defendant Hansen was acting under color of state law in her capacity as County Commissioner for Montrose County. Defendant Hansen was responsible for supervising Defendants Leslie Quon and Keith Laube, and directing their actions.

8.      At all times pertinent to the subject matter of this litigation, Defendant Keith Laube was a citizen of the United States and resident of and domiciled in Colorado. At all times pertinent, Defendant Laube was acting under color of state law in his capacity as the Department Head for the Road & Bridge Department for Montrose County.

9.      At all times pertinent to the subject matter of this litigation, Defendant Leslie Quon was a citizen of the United States and resident of and domiciled in Colorado. At all times

pertinent, Defendant Quon was acting within the scope of her official duties and employment and under color of state law in her capacity as the human resources director for Montrose County. Defendant Quon had been delegated final policymaking authority as to decisions relating to employment with Montrose County.

## JURISDICTION AND VENUE

10.     This action arises under the Constitution and laws of the United States, and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

11.     Venue is proper in this District according to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and all Defendants reside in this District.

## FACTUAL ALLEGATIONS

12.     Mr. Goodman was hired as an Equipment Operator I with the Road & Bridge Department of Montrose County on June 6, 2016.

13.     Over the next four years, Mr. Goodman would excel at his job. Mr. Goodman received consistent marks in his performance reviews for exceeding expectations. Mr. Goodman was also promoted from Operator I to Operator II in 2018. He received multiple raises over that time period in recognition of his excellent work.

14.     In December of 2019, Mr. Goodman received high marks from his foreman, Chuck Bell, during his annual appraisal. Mr. Goodman's foreman noted that he exceeded expectations in nearly every category. The appraisal praised the way Mr. Goodman handled himself and relationships with crew members and customers very well and that he was trusted by his foreman and crew members. It also gave Mr. Goodman high marks for being dependable. Mr.

Goodman also excelled in his demonstration of technical skills. Overall, Mr. Goodman earned high marks on his 2019 annual appraisal. This was the last annual appraisal prior to Mr. Goodman's later, unceremonious firing. However, at the beginning of 2020, Mr. Goodman was put forward by his foreman for a promotion. That promotion was put on hold due to the budgetary effects of the Coronavirus.

15.     On Friday, July 17, 2020, his day off, Mr. Goodman called the official, public number of his elected Montrose County Commissioner, Defendant Sue Hansen, to raise some concerns he had as a taxpayer. Defendant Hansen was not his supervisor or colleague, but his elected official as the Commissioner for District Two (which is the district in which Mr. Goodman resides). He initially left Ms. Hansen a voicemail, but then she called him back.

16.     Mr. Goodman told Ms. Hansen that he was calling her as a concerned citizen and constituent. During their call, Mr. Goodman raised concerns about the mask mandate in Montrose County. Defendant Hansen had been on a taskforce convened by Governor Polis about the mask mandate and Mr. Goodman wanted to discuss the mandate and how it would be enforced. Defendant Hansen directed Mr. Goodman to the sheriff's office without responding to his concerns.

17.     Then, Mr. Goodman raised issues about a bridge replacement that had been constructed in Cimarron, which Montrose County built at a cost of over $750,000. Mr. Goodman told Defendant Hansen about his concerns over the project, and its costs, along with the fact that the County had paid this amount yet the bridge replacement did not fix the underlying issues with the bridge.

18.     Mr. Goodman raised these issues because of his concern that both of these projects were fraud on the taxpayer, constituted waste by the government, and that there was

possible corruption in the award of these contracts. Mr. Goodman told Defendant Hansen as much and relayed to Defendant Hansen that she seemed to have given both of these projects no oversight. In response to these concerns, Defendant Hansen told Mr. Goodman to gather evidence of his concerns and get back to her.

19.     The concerns that Mr. Goodman relayed to Defendant Hansen were not made pursuant to his official duties. Mr. Goodman called his elected representative on day off, from his personal phone number, and raised concerns about issues that did not relate to his job duties in any way. Mr. Goodman's job at Montrose County did not involve the road budget or the mask mandate.

20.     Mr. Goodman's call did not cause any disruption within the Road & Bridge Department. Mr. Goodman did not talk to any of his colleagues about the call and he directly petitioned the County Commissioner for his District because he believed she might be able to address his concerns.

21.     On Tuesday, July 21, 2020, one working day after Ms. Goodman's call to Defendant Hansen, Mr. Goodman was called into his supervisor's office. Mr. Goodman was fired by Defendants Keith Laube and Leslie Quon. When asked why he was being fired, Mr. Goodman was given no reason. There was no cause, let alone good cause, for his termination.

22.     Upon information and belief, Defendant Hansen directed Mr. Goodman's termination.

23.      Defendant Quon terminated Mr. Goodman in accordance with her delegated authority as a final policymaker for Montrose County with respect to employment decisions.

24.     Defendant Laube terminated Mr. Goodman in accordance with his delegated authority as a final policymaker for Montrose County's Road & Bridge Department.

25.     Mr. Goodman was fired for his call to Defendant Hansen that raised issues of public concern. There was no other basis for terminating Mr. Goodman.

## STATEMENT OF CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment Violation – Freedom Of Speech**
**(Plaintiff against Defendants)**

26.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

27.     Defendants acted under color of state law and within the course and scope of their employment at all times relevant to the allegations in this Complaint.

28.     Defendants are "persons" under 42 U.S.C. § 1983.

29.     Plaintiff was engaged in First Amendment-protected expression on a matter of public concern by speaking with his elected representative.

30.     Plaintiff's speech was not made pursuant to his official duties.

31.     Plaintiff's speech was not disruptive and Defendant Montrose County's interests did not outweigh Plaintiff's free speech interests.

32.     Defendants would not have terminated Plaintiff if he had not engaged in First Amendment-protected conduct.

33.     Defendants' termination of Plaintiff was substantially motivated by his First Amendment protected activity.

34.     The actions of Defendants can be expected to chill a reasonable person from engaging in activity protected by the First Amendment.

35.     Defendants' actions were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

36.     Defendants, collectively, failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights.

37.     At the time when Defendants retaliated against Plaintiff for speaking out, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to engage in the above-described activity. Any reasonable public official knew or should have known of this clearly established right. *See Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990).

38.     Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

39.     Defendants retaliated against Plaintiff for engaging in expressive activity in accordance with the customs, policies, and practices of Defendant Montrose County.

40.     Defendants Hansen, Laube, and Quon are final policymakers for Defendant Montrose County, or have been delegated final policymaking authority.

41.     The actions of the Defendants Hansen, Laube, and Quon were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant Montrose County.

42.     Defendant Montrose County's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

43.     As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

44.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to

non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff

suffered, and other compensatory and special damages.

45.     Defendants' intentional actions or inactions as described herein intentionally

deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by

the Constitution of the United States of America.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment Violation – Right To Petition**
**(Plaintiff against Defendants)**

46.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

47.     Defendants acted under color of state law and within the course and scope of their

employment at all times relevant to the allegations in this Complaint.

48.     Defendants are "persons" under 42 U.S.C. § 1983.

49.     Plaintiff was engaged in First Amendment-protected expression on a matter of

public concern by petitioning his elected representative.

50.     Plaintiff's petitioning was not made pursuant to his official duties.

51.     Plaintiff's petitioning was not disruptive and Defendant Montrose County's

interests did not outweigh Plaintiff's petitioning interests.

52.     Defendants would not have terminated Plaintiff if he had not engaged in First

Amendment-protected conduct.

53.     Defendants' termination of Plaintiff was substantially motivated by his First

Amendment protected activity.

54.     The actions of Defendants can be expected to chill a reasonable person from

engaging in activity protected by the First Amendment.

55.     Defendants' actions were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

56.     Defendants, collectively, failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights.

57.     At the time when Defendants retaliated against Plaintiff for petitioning his elected representative, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to engage in the above-described activity. Any reasonable public official knew or should have known of this clearly established right. *See Schalk*, 906 F.2d at 499.

58.     Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

59.     Defendants retaliated against Plaintiff for engaging in expressive activity in accordance with the customs, policies, and practices of Defendant Montrose County.

60.     Defendants Hansen, Laube, and Quon are final policymakers for Defendant Montrose County, or have been delegated final policymaking authority.

61.     The actions of the Defendants Hansen, Laube, and Quon were authorized (before and during the fact), and ratified (after the fact), by final policymakers for Defendant Montrose County.

62.     Defendant Montrose County's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

63.     As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

64.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

65.     Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against each Defendant, and award him all relief allowed by law, including but not limited to the following:

A.     All appropriate relief at law and equity;

B.     Declaratory relief and other appropriate equitable relief;

C.     Economic losses on all claims as allowed by law;

D.     Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

E.     Punitive damages on all claims allowed by law and in an amount to be determined at trial;

F.     Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

G.     Pre-and post-judgment interest at the lawful rate; and

H.      Any other appropriate relief at law and equity that this Court deems just and

proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

DATED this 30th day of March 2021.

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*
Andy McNulty
1543 Champa St., Ste. 400
Denver, CO 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
amcnulty@kln-law.com

COUNSEL FOR PLAINTIFF

11