

350 Indiana Street, Suite 850
Golden, Colorado 80401
(303) 298-8603

# Fowler | Schimberg | Flanagan | McLetchie P.C.

April 22, 2022

**VIA CM/ECF E-Filing**
Honorable Judge R. Brooke Jackson
United States District Court Judge
Alfred A. Arraj United States Courthouse A938
Courtroom A902
Denver, CO 80294

Re: *Johnathan Goodman v. Montrose County*; Case No. 21-CV-00905-RBJ
**Defendant's Notice of Intent to File for Summary Judgment Pursuant to Judge R. Brooke Jackson Practice Standards re: Motions and Briefs, pp. 2-3**

Judge Jackson:

The core issue presented by this case is whether a government employee has a First Amendment right to be rude and unprofessional to his employer. Plaintiff was a Montrose County employee who was terminated following a telephone call to a County Commissioner where Plaintiff admits he was rude and unprofessional in violation of the employee handbook. The call involved topics that are not protected speech and other topics that are a close call. As the Fifth Circuit has observed, "[m]ixed speech cases are perhaps the most difficult subset of employee speech cases to adjudicate." *Modica v. Taylor*, 465 F.3d 174, 180 (5th Cir. 2006). There is no clearly established authority involving the set of facts in this case, *i.e.*, mixed speech where the employee was admittedly rude and unprofessional and violated an employee handbook. As such, the individual Defendants are entitled to qualified immunity.

Additionally, the Board and all Defendants in their official capacities seek summary judgment on Plaintiff's municipal liability claims. There is no genuine dispute of material fact that the decision to terminate Plaintiff's employment because of Plaintiff's rude and unprofessional behavior during the telephone call is not a First Amendment violation. Put simply, Plaintiff was not terminated for *what* he said, he was terminated for *how* he said it.

Factual Background

Plaintiff was employed in Montrose County's Road and Bridge Department as an "Equipment Operator II." On July 21, 2020, Plaintiff's employment was terminated after he was unprofessional and rude in a telephone call with Montrose County Commissioner Sue Hansen. Plaintiff does not dispute that he was "heated," "discourteous," and "unprofessional" in the call. He does not dispute he raised his voice during the call. Plaintiff also admits his conduct during the call violated several provisions of the Montrose County Personnel Policy Manual ("Handbook"), and that termination from employment was a viable form of discipline for his conduct.

Plaintiff filed this lawsuit under 42 U.S.C. § 1983, and asserts claims against the Board of County Commissioners of Montrose County, the Commissioners individually, and the Montrose County Manager at the time, Ken Norris, claiming violations of his First Amendment rights.

ANDREW R. MCLETCHIE
Direct: (303) 285-9310
a_mcletchie@fsf-law.com

Judge R. Brooke Jackson  April 22, 2022
United States District Court Judge  Page 2

## Legal Standards for Qualified Immunity

Plaintiff bears the burden of overcoming the individual Defendants' qualified immunity. *See Knopf v. Williams*, 884 F.3d 939, 946 (10th Cir. 2018) (citation omitted). Plaintiff must show: (1) a triable issue of fact of a violation of his First Amendment rights; and (2) that the alleged right, as circumscribed by the particular facts, was "clearly established" as of July 21, 2020. *See id.* If Plaintiff fails to satisfy either prong of this test, the Court must grant qualified immunity. *Id.*

Showing that a constitutional right is "clearly established" is a very precise target. Plaintiff must point to "either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation." *Id.* at 944. "To qualify as clearly established, a constitutional right must be 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018) (citation omitted). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Knopf*, 884 F.3d at 944 (internal quotation marks omitted) (citing *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

## Grounds for Defendants' Motion for Summary Judgment

**A. Defendants in their individual capacities are entitled to summary judgment based on qualified immunity because it is not "clearly established" that Plaintiff had a First Amendment right to be unprofessional and rude to his employer.**

Plaintiff cannot overcome the individual Defendants' qualified immunity because this case presents a unique set of facts and circumstances that have never been addressed and decided by the Tenth Circuit, the Supreme Court, or the weight of authority in other circuits under the *Garcetti/Pickering* framework. The *Garcetti/Pickering* test, as articulated in *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202-03 (10th Cir. 2007), applies to Plaintiff's First Amendment claims.

First, Plaintiff's telephone call with Commissioner Hansen raised a mixture of topics. Plaintiff's speech "relating to tasks within [his] uncontested employment responsibilities" at the Montrose County Road & Bridge Department "is not protected." *Brammer-Hoelter*, 492 F.3d at 1203. Likewise, topics that are "'internal in scope and personal in nature'" are "clearly not matters of public concern" and fall outside the scope of First Amendment protection. *Id.* at 1206. Certain topics addressed during Plaintiff's phone call with Commissioner Hansen land within these categories of unprotected speech. For example, Plaintiff's grievances about his internal personnel disputes, disagreements with management decisions and training, and working conditions are not protected speech. *Joritz v. Gray-Little*, 822 Fed. Appx. 731, 738 (10th Cir. 2020) (citation omitted).

Second, it is not clearly established in a "mixed speech" case like this one—*i.e.*, where matters of both public and private concern are discussed—that an employee who is admittedly rude and unprofessional, and who violates County policy as set forth in the Handbook, has a First Amendment right as an employee to be protected from termination for his unprofessional behavior. There is no dispute that Plaintiff was "heated," "discourteous," "rude," "unprofessional," and "raise[d] [his] voice" in his telephone call with Commissioner Hansen. Further, there is no dispute

Judge R. Brooke Jackson  April 22, 2022
United States District Court Judge  Page 3

Plaintiff was subject to the policies of the Handbook; was subject to discipline for policy violations, up to and including termination; and violated the policies of the Handbook by his conduct.

Third, it is not clearly established that Plaintiff has a First Amendment right to bypass the chain of command and raise employment-related concerns about his work, workplace, and personal complaints about morale and management to Commissioner Hansen.

Fourth, the evidence in the record shows that Plaintiff's rude and unprofessional phone call with Commissioner Hansen was disruptive, which Plaintiff will be unable to genuinely dispute. Moreover, Plaintiff admitted in his deposition that he violated the Handbook's policies through his conduct during the call. It is not clearly established that Plaintiff's interest in raising "mixed" issues with Commissioner Hansen outweighs the Defendants' interest in maintaining a professional, non-disruptive, and non-harassing work environment for all County employees and officials.

Fifth, the individual Defendants consistently testified that Plaintiff's employment was lawfully terminated solely due to the extremely unprofessional way Plaintiff conducted himself during the phone call, and not because of what Plaintiff said. The record is without evidence to genuinely dispute that this was the reason for the termination.

Finally, specifically regarding Ken Norris, the record is without evidence that Mr. Norris personally participated in the decision to terminate Plaintiff's employment. As County Manager, Mr. Norris's role was to implement the will of the Board. There is no evidence showing that Mr. Norris made decisions or took action independent of the directives of the members of the Board. Mr. Norris is entitled to summary judgment due to his lack of personal participation.

### B. Montrose County Did Not Violate Plaintiff's First Amendment Rights.

Plaintiff's municipal liability claims fail because the decision to terminate Plaintiff's employment after he was admittedly rude and unprofessional and violated the Handbook does not equate to an official policy or custom of violating First Amendment rights. The evidence does not show that Plaintiff's employment was terminated because of *what* Plaintiff said on the phone call. Instead, the testimony and other evidence consistently shows that Plaintiff was terminated because of *how* he said it. Likewise, there is no evidence the Board unlawfully prevented or restricted Plaintiff from exercising his First Amendment rights of speech and petition. Plaintiff cannot point to evidence that genuinely disputes these issues. Plaintiff has proffered only unsubstantiated allegations and speculation, which is not enough to defeat summary judgment.

To conclude, this case presents difficult and novel First Amendment issues. We have enjoyed working and conferring with Plaintiff's counsel, Mr. McNulty, regarding these issues. Defendants intend to file a Motion for Summary Judgment for the reasons outlined above.

Sincerely,

*/s/ Andrew R. McLetchie*

Andrew R. McLetchie
a_mcletchie@fsf-law.com